**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| ORION LABS TECH, LLC, | |
| Plaintiff, | Civil Action No. 7:25-cv-00133 |
| v. | **JURY TRIAL DEMANDED** |
| SPRINKLR, INC., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Orion Labs Tech, LLC ("Orion Labs" or "Plaintiff") files this Complaint against Sprinklr, Inc. ("Sprinklr" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action to stop Sprinklr's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| U.S. Patent No. | Title | Available At |
|---|---|---|
| 1)  10,110,430 | Intelligent Agent Features For Wearable Personal Communication Nodes | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10110430 |
| 2)  10,462,003 | Intelligent Agent Features For Wearable Personal Communication Nodes | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10462003 |
| 3)  10,924,339 | Intelligent Agent Features For Wearable Personal Communication Nodes | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10924339 |
| 4)  11,127,636 | Bot Group Messaging Using Bot-Specific Voice Libraries | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/11127636 |
| 5)  11,258,733 | Transcription Bot For Group Communications | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/11258733 |

2.      Orion Labs seeks injunctive relief and monetary damages.

**PARTIES**

3.      Orion Labs is a limited liability company formed under the laws of Washington with a registered office address located at 16935 SW 108th Ave, Tualatin, Oregon 97062 (Washington County).

4.      Based upon public information, Sprinklr is registered as a corporation organized and existing under the laws of Delaware.[1]

5.      Based upon public information, Sprinklr lists its "HQ" as being located at 441 9th Avenue, 12th Floor, New York, New York 10001.

6.      Based upon public information, Sprinklr has an office in this District at 2201 E 6th Street, Austin, Texas 78702.[2]

7.      Based upon public information, Sprinklr may be served though its registered agent for service, Corporation Service Company, which is located at 251 Little Falls Drive, Wilmington, Delaware, 19808.  Based upon public information, Sprinklr may also be served though its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Inco, which is located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Based upon public information, Sprinklr has an active Franchise Account Status with the Texas Comptroller of Public Accounts (ID No. 32050686107).[3]

9.      On information and belief based upon public information, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells

---

[1] Last checked March 11, 2025

[2] *See* https://www.sprinklr.com/contact-us/  (last visited March 10, 2025); *see also* SEC Filing dated February 4, 2025 (8K) at https://investors.sprinklr.com/financial-information/all-sec-filings/content/0001569345-25-000007/0001569345-25-000007.pdf

[3] Last checked March 11, 2025

infringing products and services in the United States and in the State of Texas, including in this District, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION AND VENUE

10.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

11.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12.     Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) and 1391(c) because Defendant has maintained established and regular places of business in this District and has committed acts of patent infringement in this District from those regular and established places of business. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

13.     Defendant offers products and services, including through the use of Accused Products, and conducts business in this District.

14.     Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this Judicial District, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and this District; (iii) having an interest in, using or possessing real property in Texas and this District; and (iv) having and keeping personal property in Texas and in this District.

15.     Specifically, Defendant intends to do and does business in, has and continues to commit acts of infringement in this District directly, and its employees, agents, and/or contractors

located in this District use the products or services accused of infringement.

16. On information and belief, Defendant owns, operates, manages, conducts business, and directs and controls the operations and employees of facilities at a location in this district, including, but not limited to, an office at the address identified above in Paragraph 6.

17. Defendant has and continues to commit acts of infringement from its place of business in this District, including, but not limited to, making, using, selling, offering for sale, and importing of the Accused Products and inducement of third parties to use the Accused Products.

## THE ACCUSED PRODUCTS

18. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

19. Based upon public information, Defendant owns, operates, advertises, and/or controls products and services that utilize the Accused Products, as defined below, through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.

20. Defendant uses, causes to be used, sells, offers for sale, provides, supplies, or distributes its intelligent digital agents (hereinafter, the "Accused Products"), including but not limited to its Sprinklr Service, which it describes as an "AI-powered customer service platform that unifies customer queries from all traditional and modern support channels — like voice, digital and social media."[4]

---

[4] *See* https://www.sprinklr.com/products/customer-service/ (last visited March 14, 2025)



***Figure 1****: Source – see FN 4*

21.    As an example of the Accused Products, Defendant advertises that "Sprinklr Service has a plethora of features and is the right [Contact Center as a Service] provider because it is transparent with cost of ownership, data security, integration capabilities, scalability, and has a great vendor reputation."[5]

22.    The Accused Products, and in particular Sprinklr Service, provide a number of features related to automating customer service, including software for inbound voice contact support[6],

---

[5] *See* https://www.sprinklr.com/cxm/ccaas/ (last visited March 14, 2025)

[6] *See* https://www.sprinklr.com/products/customer-service/inbound-voice/ (last visited March 14, 2025)

outbound voice contact support[7]. social media contact support[8], live chat contact support[9], and community forums[10].



***Figure 2****: Source – see FN 4*

23.     Defendant also instructs its customers, agents, employees, and affiliates regarding how

---

[7] *See* https://www.sprinklr.com/products/customer-service/outbound-voice/ (last visited March 14, 2025)

[8] *See* https://www.sprinklr.com/products/customer-service/social-media-channels/ (last visited March 14, 2025)

[9] *See* https://www.sprinklr.com/products/customer-service/livechat/ (last visited March 14, 2025)

[10] *See* https://www.sprinklr.com/products/customer-service/community-forum/ (last visited March 14, 2025)

to use the Accused Products.[11]



*Figure 3: Source - see FN 5*

24.    For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,110,430

25.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-26 above as though fully set forth in their entirety.

---

[11] See, e.g., https://www.sprinklr.com/cxm/topics/?sort=newest&category=service

26.     The USPTO duly issued U.S. Patent No. 10,110,430 (hereinafter, the "'430 patent") on December 1, 2016, after full and fair examination of Application No. 15/166,531, which was filed on May 27, 2016, which claims priority to a provisional application, filed on May 27, 2015. *See* '430 Patent.

27.     Orion Labs owns all substantial rights, interest, and title in and to the '430 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

28.     The claims of the '430 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components and functionalities that improve upon the function and operation of managing communication groups and group communication systems.

29.     The written description of the '430 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

30.     Defendant has directly infringed infringe one or more claims of the '430 patent by making, using, causing to be used, selling, offering for sale, providing, supplying, distributing, and/or internal and external testing of the Accused Products.  For instance, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claims 1, 7, and 13 of the '430 patent, as detailed in **Exhibit A** (Evidence of Use of Infringement Regarding U.S. Patent No. 10,110,430).

31.     Orion Labs or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '430 patent.

32.    Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed one or more claims of the '430 patent by inducing others to directly infringe said claims.  Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '430 patent by providing or requiring use of the Accused Products.  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products. in a manner that infringes one or more claims of the '430 patent, including, for example, claims 1, 7, and 13.  Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products. in an infringing manner; advertising and promoting the use of the Accused Products. in an infringing manner; or distributing instructions that guide users to use the Accused Products. in an infringing manner.  Defendant has performed these steps, which constitute induced infringement with the knowledge of the '430 patent and with the knowledge that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products. by others would infringe the '430 patent.

33.    Defendant has also indirectly infringed by contributing to the infringement of the '430 patent.  Defendant has contributed to the direct infringement of the '430 patent by its personnel, contractors, distributors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '430 patent, including, for example, claims 1, 7, and 13.  The special features constitute a material part of the invention of one or more of the claims of

the '430 patent and are not staple articles of commerce suitable for substantial non-infringing use.

34.    Defendant had knowledge of the '430 patent at least as of the date when it was notified of the filing of this action.

35.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

36.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

37.    Defendant's direct infringement of one or more claims of the '430 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

38.    Orion Labs has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Orion Labs in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39.    Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Orion Labs has and will continue to suffer this harm by virtue of Defendant's infringement of the '430 patent.  Defendant's actions have interfered with and will interfere with Orion Labs' ability to license technology.  The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology.  The public interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,462,003

40.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-26 above as though fully

set forth in their entirety.

41.    The USPTO duly issued U.S. Patent No. 10,462,003 (hereinafter, the "'003 patent") on October 29, 2019, after full and fair examination of Application No. 16/142,314, which was filed on September 26, 2018, and which claims priority to the '430 patent. *See* '003 patent.

42.    Orion Labs owns all substantial rights, interest, and title in and to the '003 patent, including the sole and exclusive right to prosecute this action and enforce the '003 patent against infringers and to collect damages for all relevant times.

43.    The claims of the '003 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of managing communication groups, distributed group communications, and group communication systems.

44.    The written description of the '003 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

45.    Defendant has directly infringed and continues to infringe one or more claims of the '003 patent by making, using, causing to be used, selling, offering for sale, providing, supplying, distributing, and/or internal and external testing of the Accused Products.  For instance, Defendant has directly infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claims 1, 4, 8, 11, 15, 16. and 17 of the '003 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 10,462,003).

46.    Orion Labs or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '003 patent.

47.     Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed one or more claims of the '003 patent by inducing others to directly infringe said claims.  Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '003 patent by providing or requiring use of the Accused Products.  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '003 patent, including, for example, claims 1, 4, 8, 11, 15, and 17.  Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner.  Defendant has performed these steps, which constitute induced infringement with the knowledge of the '003 patent and with the knowledge that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '003 patent.

48.     Defendant has also indirectly infringed by contributing to the infringement of the '003 patent.  Defendant has contributed to the direct infringement of the '003 patent by its personnel, contractors, distributors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '003 patent, including, for example, claims 1, 4, 8, 11, 15, and 17.  The special features constitute a material part of the invention of one or more of the

claims of the '003 patent and are not staple articles of commerce suitable for substantial non-infringing use.

49.    Defendant had knowledge of the '003 patent at least as of the date when it was notified of the filing of this action.

50.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

51.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

52.    Defendant's direct infringement of one or more claims of the '003 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

53.    Orion Labs has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54.    Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Orion Labs has and will continue to suffer this harm by virtue of Defendant's infringement of the '003 patent.  Defendant's actions have interfered with and will interfere with Orion Labs' ability to license technology.  The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology.  The public interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,924,339**

55.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-26 above as though fully set forth in their entirety.

56.     The USPTO duly issued U.S. Patent No. 10,924,339 (hereinafter, the "'339 patent") on February 16, 2021 after full and fair examination of Application No. 16/665,866 which was filed on October 28, 2019, which claims priority to the '003 patent which claims priority to the '430 patent.  *See* '339 patent.

57.     Orion Labs owns all substantial rights, interest, and title in and to the '339 patent, including the sole and exclusive right to prosecute this action and enforce the '339 patent against infringers and to collect damages for all relevant times.

58.     The claims of the '339 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of communication groups and personal communication member nodes, distributed group communication applications, and group communication systems.

59.     The written description of the '339 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

60.     Defendant has directly infringed one or more claims of the '339 patent by using, providing, supplying, or distributing the Accused Products.  For instance, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claims 1, 4, 8, 11, 15, 18, and 19 of the '339 patent, as detailed in **Exhibit C** (Evidence of Use Regarding Infringement of

U.S. Patent No. 10,924,339).

61.    Orion Labs or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '339 patent.

62.    Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed one or more claims of the '339 patent by inducing others to directly infringe said claims. Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '339 patent by providing or requiring use of the Accused Products,. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products, in a manner that infringes one or more claims of the '339 patent, including, for example, claims 1, 4, 8, 11, 15, 18, and 19. Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products, in an infringing manner; advertising and promoting the use of the Accused Products, in an infringing manner; or distributing instructions that guide users to use the Accused Products, in an infringing manner. Defendant has performed these steps, which constitute induced infringement with the knowledge of the '339 patent and with the knowledge that the induced acts constitute infringement. Defendant has been aware that the normal and customary use of the Accused Products, by others would infringe the '339 patent.

63.    Defendant has also indirectly infringed by contributing to the infringement of the '339 patent. Defendant has contributed to the direct infringement of the '339 patent by its personnel, contractors, distributors, and customers. The Accused Products, have special features that are specially designed to be used in an infringing way and that have no substantial uses other than

ones that infringe one or more claims of the '339 patent, including, for example, claims 1, 4, 8, 11, 15, 18, and 19. The special features constitute a material part of the invention of one or more of the claims of the '339 patent and are not staple articles of commerce suitable for substantial non-infringing use.

64.    Defendant had knowledge of the '339 patent at least as of the date when it was notified of the filing of this action.

65.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

66.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

67.    Defendant's direct infringement of one or more claims of the '339 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

68.    Orion Labs has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

69.    Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Orion Labs has and will continue to suffer this harm by virtue of Defendant's infringement of the '339 patent. Defendant's actions have interfered with and will interfere with Orion Labs' ability to license technology. The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology. The public

interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,127,636**

70.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-26 above as though fully set forth in their entirety.

71.     The United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 11,127,636 (the "'636 patent") on September 21, 2021, after full and fair examination of Application No. 15/937,035, which was filed on March 27, 2018, which claims priority to provisional application No. 62/477,082, which was filed on March 27, 2017. *See* '636 patent. A certificate of correction was issued for the '636 patent on February 22, 2022. *See id.*

72.     Orion Labs owns all substantial rights, interest, and title in and to the '636 patent, including the sole and exclusive right to prosecute this action and enforce the '636 patent against infringers and to collect damages for all relevant times.

73.     The claims of the '636 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the operation of previous communication devices and systems by using bot messaging.

74.     The written description of the '636 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

75.     Defendant has directly infringed one or more claims of the '636 patent by using, providing, supplying, or distributing the Accused Products.  For instance, Defendant has directly

infringed, either literally or under the doctrine of equivalents, at least claims 1, 5, 10, and 16 of the '636 patent, as detailed in **Exhibit D** (Evidence of Use Regarding Infringement of U.S. Patent No. 11,127,636).

76.    Orion Labs or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '636 patent.

77.    Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed one or more claims of the '636 patent by inducing others to directly infringe said claims.  Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '636 patent by providing or requiring use of the Accused Products  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '636 patent, including, for example, claims 1, 5, 10, and 16.  Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner.  Defendant has performed these steps, which constitute induced infringement with the knowledge of the '636 patent and with the knowledge that the induced acts constitute infringement.  Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '636 patent.

78.    Defendant has also indirectly infringed by contributing to the infringement of the '636 patent.  Defendant has contributed to the direct infringement of the '636 patent by its personnel,

contractors, distributors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '636 patent, including, for example, claims 1, 5, 10, and 16. The special features constitute a material part of the invention of one or more of the claims of the '636 patent and are not staple articles of commerce suitable for substantial non-infringing use.

79.    Defendant had knowledge of the '636 patent at least as of the date when it was notified of the filing of this action.

80.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

81.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

82.    Defendant's direct infringement of one or more claims of the '636 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

83.    Orion Labs has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

84.    Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Orion Labs has and will continue to suffer this harm by virtue of Defendant's infringement of the '636 patent. Defendant's actions have

interfered with and will interfere with Orion Labs' ability to license technology. The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology. The public interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,258,733**

85.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-26 above as though fully set forth in their entirety.

86.     The USPTO duly issued U.S. Patent No. 11,258,733 (hereinafter, the "'733 patent") on February 22, 2022, after full and fair examination of Application No. 17/096,200, which was filed on November 12, 2020, and which claims priority to Application No. 16/149,692, filed on October 2, 2018, which claims priority to provisional application No. 62.567,338, which was filed on October 3, 2017. *See* '733 patent.

87.     Orion Labs owns all substantial rights, interest, and title in and to the '733 patent, including the sole and exclusive right to prosecute this action and enforce the '733 patent against infringers and to collect damages for all relevant times.

88.     The claims of the '733 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon audio message transcription to destination services.

89.     The written description of the '733 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

90.     Defendant has directly infringed one or more claims of the '733 patent by making,

using, selling, offering for sale, providing, supplying, distributing, and/or internal and external testing the Accused Products. For instance, Defendant has directly infringed and continues to infringe, either literally or under the doctrine of equivalents, at least claims 1. 5, and 15 of the '733 patent, as detailed in **Exhibit E** (Evidence of Use Regarding Infringement of U.S. Patent No. 11,258,733).

91.    Orion Labs or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '733 patent.

92.    Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed one or more claims of the '733 patent by inducing others to directly infringe said claims. Defendant has induced distributors and end-users, including, but not limited to, Defendant's employees, partners, contractors, or customers, to directly infringe, either literally or under the doctrine of equivalents, the '733 patent by providing or requiring use of the Accused Products. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '733 patent, including, for example, claims 1. 5, and 15. Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant has performed these steps, which constitute induced infringement with the knowledge of the '733 patent and with the knowledge that the induced acts constitute infringement. Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the '733 patent.

93.     Defendant has also indirectly infringed by contributing to the infringement of the '733 patent.  Defendant has contributed to the direct infringement of the '733 patent by its personnel, contractors, distributors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '733 patent, including, for example, claims 1. 5, and 15.  The special features constitute a material part of the invention of one or more of the claims of the '733 patent and are not staple articles of commerce suitable for substantial non-infringing use.

94.     Defendant had knowledge of the '733 patent at least as of the date when it was notified of the filing of this action.

95.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights.

96.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

97.     Defendant's direct infringement of one or more claims of the '733 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Orion Labs' rights under the patent.

98.     Orion Labs has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

99.     Orion Labs has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Orion Labs has and will continue to suffer

this harm by virtue of Defendant's infringement of the '733 patent. Defendant's actions have interfered with and will interfere with Orion Labs' ability to license technology. The balance of hardships favors Orion Labs' ability to commercialize its own ideas and technology. The public interest in allowing Orion Labs to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

100. Orion Labs hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

101. Orion Labs requests that the Court find in its favor and against Defendant, and that the Court grant Orion Labs the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c. Judgment that Defendant accounts for and pays to Orion Labs all damages to and costs incurred by Orion Labs because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements of the Asserted Patents be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.  Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.  That this Court declare this an exceptional case and award Orion Labs its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.  All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>March 20, 2025</u>                    Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

*Attorneys for Plaintiff ORION LABS TECH, LLC*

*Admitted to the Western District of Texas

**List Of Exhibits**

   A.  Evidence of Use Regarding Infringement of U.S. Patent No. 10,110,430

   B.  Evidence of Use Regarding Infringement of U.S. Patent No. 10,462,003

   C.  Evidence of Use Regarding Infringement of U.S. Patent No. 10,924,339

   D.  Evidence of Use Regarding Infringement of U.S. Patent No. 11,127,636

   E.  Evidence of Use Regarding Infringement of U.S. Patent No. 11,258,733

**List of Attachments**

- Civil Cover Sheet