**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| ORION LABS TECH, LLC, | |
| Plaintiff, | Civil Action No. 7:25-cv-00133 |
| v. | |
| SPRINKLR, INC., | |
| Defendant. | |

**<u>DEFENDANT SPRINKLR, INC.'S RULE 12(b)(6)</u>**
**<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

## <u>TABLE OF CONTENTS</u>

Page

I.  Introduction ............................................................................................................. 1

II.  Factual and Procedural Background ...................................................................... 1

III.  Legal Standard ....................................................................................................... 2

IV.  Argument ............................................................................................................... 3

    A.  Orion Failed to Plausibly Plead Direct Infringement of Any Asserted Patent ........ 3

        1.  '430 Patent (Count I) ................................................................................ 4

        2.  '003 Patent (Count II) .............................................................................. 7

            a.  Orion Failed to Plausibly Allege that Sprinklr "Intelligent Agents" Perform Recording Services (Claims 8, 11, 15–17) ...................... 7

            b.  Orion Further Failed to Plausibly Allege that the Sprinklr "Intelligent Agents" Perform Any "Service" Defined by the '003 Patent (Claims 1, 4) ............................................................................. 8

        3.  '339 Patent (Count III) ........................................................................... 10

        4.  '636 Patent (Count IV) ........................................................................... 11

        5.  '733 Patent (Count V) ............................................................................ 13

    B.  Orion Failed to Sufficiently Plead Any Claim for Indirect Infringement .............. 14

        1.  Orion Failed to Adequately Plead Underlying Direct Infringement ......... 15

        2.  Orion Failed to Adequately Plead Actual Knowledge ............................. 15

        3.  Orion Failed to Adequately Plead a Lack of Substantial Non-Infringing Uses ......................................................................................................... 17

    C.  Orion Failed to Adequately Plead Willful Infringement ....................................... 18

        1.  Orion Failed to Plausibly Plead Knowledge of Any Asserted Patent ....... 18

        2.  Orion Failed to Plausibly Plead Direct Infringement .............................. 19

        3.  Orion Failed to Plausibly Plead Sprinklr's Knowledge of Alleged Infringement of Any Asserted Patent ...................................................... 20

V.  Conclusion ........................................................................................................... 20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) .........................................................................16

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ..........................................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................16

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
638 F. Supp. 3d 721 (W.D. Tex. 2022).....................................................................18

*AuthWallet, LLC v. Amarillo Nat'l Bank*,
No. MO:24-CV-00064-DC, Dkt. 27 (W.D. Tex. Feb. 28, 2025) .......................3, 15

*AuthWallet, LLC v. Cullen/Frost Bankers, Inc.*,
No. MO:24-CV-00066-DC, Dkt. 28 (W.D. Tex. Feb. 28, 2025) .......................3, 18

*AuthWallet, LLC v. Fiserv, Inc.*,
No. MO:24-CV-00063-DC, Dkt. 29 (W.D. Tex. Feb. 28, 2025) ....................2, 6, 18

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)..................................................................................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................2

*In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)...................................................................15, 16, 17

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022).....................................................................17

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .........................................................3, 11, 13, 14

*C.R. Bard., Inc. v. Advanced Cardiovascular Sys., Inc.*,
911 F.2d 670 (Fed. Cir. 1990)..................................................................................15

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
394 F.3d 285 (5th Cir. 2004) .....................................................................................2

*ChargePoint, Inc. v. SemaConnect, Inc.*,
920 F.3d 759 (Fed. Cir. 2019)....................................................................................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015)........................................................................................15, 16

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
    No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) .................13, 14, 15

*CTD Networks, LLC v. Google, LLC*,
    688 F. Supp. 3d 490 (W.D. Tex. 2023)..............................................................3, 6

*CTD Networks LLC v. Microsoft Corp.*,
    No. W-22-CV-01049-XR, 2023 WL 5417141 (W.D. Tex. Aug. 22, 2023)...........................19

*Doe v. Ferguson*,
    128 F.4th 727 (5th Cir. 2025) ...............................................................................3

*Duncan Parking Techs., Inc. v. IPS Grp., Inc.*,
    914 F.3d 1347 (Fed. Cir. 2019)............................................................................8, 11

*Elec. Power Grp., LLC v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016)................................................................................4

*Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*,
    No. 2022-2001, 2023 WL 5219773 (Fed. Cir. Aug. 15, 2023) ...............................16

*Flypsi, Inc. v. Google LLC*,
    No. 6:22-CV-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022)...........................16

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)........................................................................................16, 19

*GreatGigz Sols. LLC v. Freelancer Ltd.*,
    No. 6:20-CV-00738-ADA, 2022 WL 22860429 (W.D. Tex. July 1, 2022)...........................19

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)..............................................................................................18

*Inhale, Inc v. Gravitron, LLC*,
    No. 1:18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ...............................17

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 1:17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .....................................17

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
    No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021).............................19

*LifeNet Health v. LifeCell Corp.*,
    837 F.3d 1316 (Fed. Cir. 2016).................................................................................3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)..................................................................................3

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................16

*Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*,
    No. AU-16-CA-00687-SS, 2018 WL 3014421 (W.D. Tex. Apr. 6, 2018).............................8

*Rose v. Grappler Pressure Pumping, LLC*,
    721 F. Supp. 3d 510 (W.D. Tex. 2024)......................................................................3

*Shah v. Maple Energy Holdings, LLC*,
    No. A:23-CV-00819-DC, 2024 WL 5185362 (W.D. Tex. Aug. 18, 2024)..............................2

*St. Isidore Rsch., LLC v. Comerica Inc.*,
    No. 2:15-CV-1390-JRG-RSP, 2016 WL 4988246 (E.D. Tex. Sept. 19, 2016)...............13, 14

*Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*,
    620 F. Supp. 3d 557 (W.D. Tex. 2022).................................................................18, 20

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ...........................3, 4

*Wahpeton Canvas Co. v. Frontier, Inc.*,
    870 F.2d 1546 (Fed. Cir. 1989)...............................................................................8

*Waller v. Hanlon*,
    922 F.3d 590 (5th Cir. 2019) ..................................................................................3

*Yu v. Apple Inc.*,
    1 F.4th 1040 (Fed. Cir. 2021) .................................................................................4

**Statutes**

35 U.S.C. § 101.......................................................................................................4

35 U.S.C. § 112.......................................................................................................9

35 U.S.C. § 284.....................................................................................................19

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................2, 4

Fed. R. Civ. P. 8....................................................................................................1

## I.    INTRODUCTION

Plaintiff Orion Labs Tech, LLC's ("Orion") Complaint (Dkt. 1) alleges that Defendant Sprinklr, Inc.'s ("Sprinklr") Sprinklr Service platform infringes various claims of U.S. Patent Nos. 10,110,430; 10,462,003; 10,924,339; 11,127,636; and 11,258,733 (collectively, the "Asserted Patents"). The Asserted Patents were each acquired by Plaintiff Orion Labs Tech, LLC from Orion Labs, Inc. (conspicuously similarly named to create the appearance of a relationship). Orion's evidence cited in its Complaint fails to show any relationship between the claimed "virtual assistants" or "intelligent agents" within its Asserted Patents—originally intended to assist communications among firefighters, medical response personnel, and law enforcement personnel, *see, e.g.*, Ex. 1, at 4:26–52—and the claims' requirements that those same virtual "bots" perform, for example, the required steps of "recording" or "translating." That is because the Complaint cites to a grab bag of disparate sources that often do not even describe Sprinklr's accused product in support of its infringement theories, including to blogs discussing the customer service management (CXM) ***product category*** and even ***competitor products***. Such evidence does not pass muster under Federal Rule of Civil Procedure 8 to plead infringement, particularly for complex software products. Sprinklr accordingly moves to dismiss Orion's Complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Three of the Asserted Patents (the '430, '003, and '339 patents) are titled "Intelligent Agent Features for Wearable Personal Communication Nodes." Ex. 1, at 1; Ex. 2, at 1; Ex. 3, at 1. The '636 patent is titled "Bot Group Messaging Using Bot-Specific Voice Libraries," Ex. 4, at 1, and the '733 patent is titled "Transcription Bot for Group Communications," Ex. 5, at 1. Each of the five Asserted Patents were originally assigned to Orion Labs. Exs. 6–11. The patents were then recently assigned to Orion Labs Tech, LLC in September 2024. Ex. 12. The alleged inventions purportedly build off of the proliferation of "internet bots" that are "software applications that run

automated tasks (scripts) over the internet"; "chatterbots" that "communicate with other users of internet-based services"; and "general-purpose bots," which "are digital personal assistants." *See, e.g.*, Ex. 4, at 1:14–57.  Specifically, the Asserted Patents provide an "intelligent agent" that can assist people engaged in a group communication, such as firefighters, medical response personnel, or law enforcement personnel, by automating human functions with "bots" to do the work more efficiently. *See, e.g.*, Ex. 1, at 4:29–48.

On March 20, 2025, Orion filed its Complaint against Sprinklr, alleging infringement of the Asserted Patents.  Dkt. 1.  The accused Sprinklr Service is a CCaaS ("Contact Center as a Service") platform for brands to manage their customer service operations.  Ex. 13 (https://www.sprinklr.com/products/customer-service/) (cited by Dkt. 1-1, at A-1, A-6, A-11, A-13 & n.1).[1]  The Sprinklr Service enables live human agents to hold conversations with customers over multiple channels (*e.g.*, voice, IM-based chat, social media channels, etc.).  *Id.*

## III.    LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless it pleads "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A complaint must include specific factual allegations in support of the claim," and "[m]ere recital of the elements of a cause of action, and conclusory allegations are insufficient."  Ex. 14 (*AuthWallet, LLC v. Fiserv, Inc.*, No. MO:24-CV-00063-DC, Dkt. 29 (W.D. Tex. Feb. 28, 2025) (Counts, D.J.)), at 2.  Although a court must "identify the complaint's well-pleaded factual content," it must also "set aside 'any unsupported legal

---

[1]  The Court may consider URLs cited in Orion's Complaint, attached here as exhibits for ease of reference, because "they are referred to in the plaintiff's complaint and are central to [its] claim[s]."  *See Shah v. Maple Energy Holdings, LLC*, No. A:23-CV-00819-DC, 2024 WL 5185362, at *2 & n.16 (W.D. Tex. Aug. 18, 2024) (Counts, D.J.) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

conclusions,' the truth of which '[the Court] cannot assume.'" *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citations omitted). "[L]egal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement" are not "accept[ed] as true" on a motion to dismiss. *Doe v. Ferguson*, 128 F.4th 727, 733 (5th Cir. 2025) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Rose v. Grappler Pressure Pumping, LLC*, 721 F. Supp. 3d 510, 513 (W.D. Tex. 2024).

## IV.    ARGUMENT

### A.    Orion Failed to Plausibly Plead Direct Infringement of Any Asserted Patent

"Direct infringement 'requires that each and every limitation set forth in a claim appear in an accused product.'" *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 499 (W.D. Tex. 2023) (quoting *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016)); Ex. 15 (*AuthWallet, LLC v. Amarillo Nat'l Bank*, No. MO:24-CV-00064-DC, Dkt. 27 (W.D. Tex. Feb. 28, 2025) (Counts, D.J.)), at 4 ("Plaintiff has failed to allege that each and every claim limitation is present, and has [thus] failed to plead direct infringement." (citations omitted)); Ex. 16 (*AuthWallet, LLC v. Cullen/Frost Bankers, Inc.*, No. MO:24-CV-00066-DC, Dkt. 28 (W.D. Tex. Feb. 28, 2025) (Counts, D.J.)), at 4 (similar). To state a claim for patent infringement, a plaintiff must put the alleged infringer on notice of what ***activity***—not just what ***product***—is being accused. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). In other words, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). When claims are directed to software, and where the limitations at issue are material to the patent's alleged novelty, a "higher

level of pleading" detail is required. *See id.* at *5. This is because "[a] plaintiff cannot establish 'why it is plausible that the accused product infringes the patent claim' by merely articulating why it is plausible that the accused product practices the prior art." *Id.* (citation omitted).

Orion fails to support its claims with sufficient detail, and what evidence it cites belies any direct infringement by Sprinklr. For example, Orion repeatedly cites to links from Sprinklr's "CXM Guide" blog throughout its claim charts but ignores that these blog posts are intended to provide background information to Sprinklr's potential and current customers about the general category of "unified customer experience management," not any specific Sprinklr product. As discussed below for each Asserted Patent, Orion has failed to state a claim for direct infringement of any of the Asserted Patents, and its claims should be dismissed.[2]

1.    *'430 Patent (Count I)*

Orion's Complaint fails to plausibly allege that the accused Sprinklr Service software performs at least the "recording and auditing" function required by the asserted claims. Specifically, all three asserted claims of the '430 patent—claims 1, 7, and 13—require that an "intelligent agent" or "virtual assistant" perform a "recording and auditing" function:

- "the instantiated ***intelligent agent recording and auditing*** communications among and between the plurality of personal communication member nodes in the communication group" ('430 patent, claim 1)[3]

---

[2] The Asserted Patents are each also invalid for claiming ineligible subject matter under 35 U.S.C. § 101 because they claim conventional tasks routinely performed by humans, including the age-old tasks of recording, auditing, communicating, and translating, with "off-the-shelf conventional computer . . . technology." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016); *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021). The claimed "virtual assistants" and "intelligent agents" are "simply an 'abstract-idea-based solution implemented with generic technical components in a conventional way.'" *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 775 (Fed. Cir. 2019). Although Sprinklr does not request that the Court decide this issue on a Rule 12(b)(6) motion, Sprinklr has put Orion on notice of this additional fatal shortcoming in its asserted claims.

[3] All emphasis in quotations added unless otherwise noted.

- "wherein the instantiated **intelligent agent** is configured to **record and audit** communications among and between the plurality of personal communication member nodes in the communication group" ('430 patent, claim 7)

- "instantiating the **intelligent agent as an virtual assistant communication member node** of the communication group, wherein **the virtual assistant communication member node performs recording and auditing services** for the communication group member nodes" ('430 patent, claim 13)

Orion alleges generally that an unidentified portion of **Sprinklr Service** practices this function because it "stores a conversation ('recording') and provides access to these logs for later audit." Dkt. 1-1, at A-5, A-10, A-14.  But this unsubstantiated statement does not track the claim, which requires that the "intelligent agent" perform the "recording."  Thus, even if the accused Sprinklr Service performed recording, that would not be sufficient to meet the claims.

Orion fails to plausibly allege that any "intelligent agents" in Sprinklr's live chat "record[]" or  "audit[]" **any** "communications."  In fact, the only evidence Orion points to as support for the "recording" function of claims 1 and 7 is a webpage from Sprinklr's CXM Guide that styles itself as a "comprehensive guide" to CXM call management software platforms that potential customers "should look out for in [their] call management solutions," not a description of the **accused** software.  *See* Ex. 17 (https://www.sprinklr.com/cxm/call-management/) (cited by Dkt. 1-1, at A-5 & n.14).  And even if the cited evidence were specifically tied to the accused Sprinklr Service software (it is not), it would merely describe a feature called "auto recording" that can be used to "record all incoming and outgoing calls without any external effort."  *See id.*  There is nothing tying the generic "auto recording" feature to the '430 patent's "intelligent agents."  Orion's cited evidence for the "recording" function of claim 13 fares no better because it is likewise untethered to the Accused Product.  *See* Ex. 18 (https://www.sprinklr.com/cxm/virtual-contact-center/) (cited by Dkt. 1-1, at A-10 & n.5).  Given the complete disconnect between the '430 patent claims and the cited evidence, Orion has not sufficiently pleaded direct infringement.

None of Orion's evidence cited for other limitations provides any support for its allegations either. For example, another blog post describes call centers generally and includes no mention of any "bot." *See* Ex. 19 (https://www.sprinklr.com/blog/call-center-recording/) (cited by Dkt. 1-1, at A-1, A-6 & n.2). Nor does it discuss recording performed by a "virtual assistant." Further, this post expressly discusses ***competitor products***, including those sold by RingCentral, TalkDesk,[4] and Nine CXone. *See id.* Such "evidence" is insufficient to state a claim for infringement by ***Sprinklr Service***. *See, e.g.*, *CTD Networks*, 688 F. Supp. 3d at 499–500 (a plaintiff may not "mix[] and match[] software products to satisfy limitations of the various infringed patent claims"). This Court has already found that "infringement allegations rely[ing] on mixing and matching different accused products in its claim charts . . . are improper." Ex. 14 (*Fiserv*), at 3. Because the '430 patent asserted claims require that the "intelligent agent" both "record" ***and*** "audit" communications, this limitation cannot be met, and there can be no direct infringement.

Claim 7 of the '430 patent additionally requires that the accused product be a "non-transitory computer readable storage medium" that "ha[s] a distributed group communications application stored thereon." But Orion fails to address this limitation ***at all***. *See* Dkt. 1-1, at A-6. For example, Orion alleges that "Sprinklr Service includes a ***virtual*** AI-power agent," and its only discussion of storage for claim 7 alleges that "local and ***cloud-based*** storage options" exist for its "secure repository for ***call recordings and transcripts***." *Id.* Nothing in Orion's Complaint addresses any non-transitory storage medium containing ***the application*** as opposed to tertiary files created by said application. Claim 7 additionally requires that the application be "executed by one or more processors," but Orion likewise fails to address this limitation. *See* Dkt. 1-1, at A-

---

[4] Indeed, Orion sued TalkDesk for alleged infringement of the Asserted Patents in the U.S. District Court for the Eastern District of Virginia. *See Orion Labs Tech, LLC v. TalkDesk, Inc.*, Civil Action Nos. 3:24-cv-00858 & 1:24-cv-02146 (E.D. Va.) (consolidated).

6.  These provide additional reasons that there can be no direct infringement of at least claim 7 of the '430 patent.  The Court should accordingly dismiss Count I of the Complaint.

### 2.    '003 Patent (Count II)

Orion's Complaint also fails to plausibly allege that Sprinklr Service software performs at least the "recording and auditing" functions required by asserted claims 8, 11, 15, 16, and 17 of the '003 patent, or "perform[s] a service" as required by asserted claims 1 and 4 of the '003 patent.

### a.    Orion Failed to Plausibly Allege that Sprinklr "Intelligent Agents" Perform Recording Services (Claims 8, 11, 15–17)

For the same reasons discussed in *supra* § IV.A.1, Orion fails to plausibly allege that an "intelligent agent" or "virtual assistant" in the Sprinklr Service software performs at least the "recording and auditing" function in asserted independent claims 8 and 15 of the '003 patent:

- "wherein the instantiated ***intelligent agent*** is ***configured to record*** and audit communications among and between the plurality of personal communication member nodes in the communication group" ('003 patent, claim 8)

- "instantiating the ***intelligent agent as an virtual assistant communication member node*** of the communication group, wherein ***the virtual assistant communication member node*** performs ***recording*** and auditing ***services*** for the communication group member nodes" ('003 patent, claim 15)

Orion largely relies on the same flawed evidence for the '003 patent as the '430 patent, *see, e.g.*, Dkt. 1-2, at B-18, B-31, and its other evidence fares no better.  One example source is a blog post generally discussing quality assurance in customer service products without any mention of "recording," "bots," or "virtual assistants."  *See* Ex. 20 (https://www.sprinklr.com/blog/automate-agent-quality-management-with-AI/) (cited by Dkt. 1-2, at B-7–10, B-15, B-18–22, B-31–33 & n.9).  Rather than support Orion's infringement theory, the post describes analyzing interactions between ***live agents*** and human customers to "provide insights related to ***agent*** performance and customer sentiment in very less time . . .  These insights can then be consumed by the supervisors to strategically plan the coaching sessions for their agents and track the improvements of the

*agents*." *Id.* Orion's claim chart fails to link the claimed **computer-implemented** "intelligent agent" with the required "recording" feature. Indeed, the cited article has no relation to the accused Sprinklr Service product. Because claims 8 and 15 of the '003 patent require that the "intelligent agent" "record" communications, Orion has failed to plausibly allege that Sprinklr directly infringes independent claims 8 or 15. There can also be no infringement of dependent claims 11, 16, or 17, each of which depend from claim 8 or 15. *See Duncan Parking Techs., Inc. v. IPS Grp., Inc.*, 914 F.3d 1347, 1360 (Fed. Cir. 2019) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim." (quoting *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989))); *Pilot Energy Sols., L.L.C. v. Oxy USA, Inc.*, No. AU-16-CA-00687-SS, 2018 WL 3014421, at *4 (W.D. Tex. Apr. 6, 2018) (similar) (quoting *Wahpeton*, 870 F.2d at 1553)).

Further, just like claim 7 of the '430 patent, claims 8 and 11 of the '003 patent additionally require that the accused product be a "non-transitory computer readable storage medium" that "ha[s] a distributed group communications application stored thereon." But Orion again fails to address this limitation **at all** in its '003 patent claim chart. *See* Dkt. 1-2, at B-15, B-20. Thus, there can be no direct infringement of at least claims 8 or 11 of the '003 patent.

        b.      Orion Further Failed to Plausibly Allege that the Sprinklr "Intelligent Agents" Perform Any "Service" Defined by the '003 Patent (Claims 1, 4)

Claim 1 of the '003 patent more broadly requires that the "intelligent agent perform[] a service." Orion suggests that "Sprinklr's AI bots can gather information and provide responses to customers" and "can also transfer the conversation to help-desk personnel if requested," which allegedly fulfills the "performing a service" limitation. Dkt. 1-2, at B-5. But there is no support in the claim or specification for the claimed "service" to include gathering information, providing responses, or transferring calls. The specification fails to provide a single example of any of these

actions.  The only example "services" in the patent are "*recording* communications, *auditing* communications, providing audio *transcription*, *annotating* media, and *paging* communication devices" in addition to "voice-command-based assistance features."  *See* Ex. 2, at 1:55–61, 4:22–25.  The patent further states that "[a] variety of *services* and *other assistance* can be provided by intelligent agent member nodes," clearly delineating between *services* and other types of assistance that do *not* constitute services.  *Id.* at 1:55–57.  And even if such "actions" were within the scope of the claimed services—which itself would pose serious 35 U.S.C. § 112 issues for failure to adequately describe the claimed invention in the specification—none of Orion's cited evidence supports the necessary requirement that the claimed "intelligent agent" is performing the "service."

Claim 4 depends from claim 1 and further requires that "the service comprises at least one of the following: recording communications among and between the plurality of personal communication nodes; auditing communications among and between the plurality of personal communication nodes; performing a search; performing audio transcription; and annotating communications."  Ex. 2, cl. 4.  But Orion alleges only that "Sprinklr's AI bots" "perform[] a service" either by "provid[ing] responses to customers or by "transfer[ring] the conversation to help-desk personnel if requested."  *See* Dkt. 1-2, at B-5.  Neither of these acts, even if true, would practice this limitation because they do not involve recording communications, auditing communications, performing a search, performing audio transcription, or annotating communications.  At most, the excerpt Orion cites suggests only that the AI bot may "collect relevant data from customers" to "solve[] the [customer's] problem if it can" or "escalate to a live agent."  *Id.*  Neither collecting information nor call routing are "services" as defined by the '003 patent.  Accordingly, Orion has failed to state a claim for direct infringement of claims 1 or 4 of the '003 patent, and the Court should dismiss Count II of the Complaint.

3.    *'339 Patent (Count III)*

Orion's Complaint further fails to plausibly allege that the accused Sprinklr Service software performs at least the "transcribing communications" function required by the asserted claims.  Specifically, each of the asserted claims of the '339 patent—claims 1, 4, 8, 11, 15, 18, and 19—require that the computer-implemented "intelligent agent" "transcrib[e] communications":

- "the instantiated ***intelligent agent transcribing*** communications among and between the plurality of personal communication member nodes in the communication group" ('339 patent, claim 1)

- "wherein the instantiated ***intelligent agent*** is ***configured to transcribe*** communications among and between the plurality of personal communication member nodes in the communication group" ('339 patent, claim 8)

- "instantiating the ***intelligent agent as a virtual assistant communication member node*** of the communication group, wherein ***the virtual assistant communication member node performs transcription services*** for the communication group member nodes" ('339 patent, claim 15)

Orion alleges that "[a] Sprinklr AI bot virtual agent connects to the message channel and can begin providing answers."  Dkt. 1-3, at C-3.  But Orion fails to plausibly allege that any "Sprinklr AI bot" ***transcribes*** communications.  In fact, Orion alleges only that the "***Sprinklr Service*** uses speech-to-text technology to provide voice call transcripts."  *See id.* at C-5, C-15.  This is deficient at least because it fails to even ***allege*** that transcription is performed by any bot, "intelligent agent," or "virtual assistant."  Indeed, the subset of Orion's cited quotations that mention "transcription" do not refer to "bots" or "virtual assistants" at all.  *See id.* at C-5, C-15, C-23.[5]

And claims 8 and 11 of the '339 patent—just like claim 7 of the '430 patent and claims 8 and 11 of the '003 patent—require that the accused product be a "non-transitory computer readable

---

[5]  Orion's cited URL also appears to be broken, showing only a "404 error" page when visited.  *See*  Ex.  22 (https://www.sprinklr.com/help/articles/automatic-speech-recognitionasr/speechtotext-transcription-in-voicebots) (cited by Dkt. 1-3, at C-5, C-7, C-10, C-15, C-17, C-19, C-23, C-29 & n.6).

storage medium" that "ha[s] a distributed group communications application stored thereon." But

Orion fails for a third time to address this limitation ***at all*** in its '339 patent claim chart. *See* Dkt.

1-3, at C-11, C-17. For at least these reasons, Orion has failed to plead that Sprinklr directly

infringes any claim of the '339 patent, and Count III should be dismissed.

### 4.    '636 Patent (Count IV)

Orion's Complaint additionally fails to plausibly allege that the accused Sprinklr Service

software "send[s], by the group messaging service, the modified message to the bot member" as

required by each of the asserted claims—claims 1, 5, 10, and 16—of the '636 patent:

- "sending, by the group messaging service, the modified message ***to the bot member***."
  ('636 patent, claims 1, 5,[6] and 10)

- "send, by the group messaging service, the modified message ***to the bot member***."
  ('636 patent, claim 16)

Orion alleges that Sprinklr Service uses an "AI bot" "to provide a transcription of a service call,"

Dkt. 1-4, at D-3, and that, "[o]nce the audio has been transcribed . . . , the transcript is delivered to

the ***agent*** in a format that the ***bot*** can use," *id.* at D-7, D-18, D-26. But these allegations ***contradict***

the claims, which explicitly require that the "modified message" be sent "***to the bot*** member," not

to a ***live agent***. For this reason alone, Orion "has essentially pleaded itself out of court," and its

'636 patent infringement claim should be dismissed. *See Bot M8*, 4 F.4th at 1354 (the claim should

be dismissed where factual allegations are inconsistent with and contradict infringement).

Orion's citations confirm that transcripts are delivered to live agents, not a "bot member."

For example, Orion cites a Sprinklr webpage that discusses "real-time transcript generation for

video calls in the Care Console." Ex. 21 (https://www.sprinklr.com/help/articles/additional-

---

[6] Claim 5 depends from independent claim 1 and thus "contain[s] all the limitations of that claim." *Duncan Parking*, 914 F.3d at 1360 (cleaned up).

features/video-call-transcripts/63c2e919f7c92723b10e9832) (cited by Dkt. 1-4, at D-3, D-7, D-10–11, D-14, D-18, D-22, D-26 & n.8).  But all its use cases involve a ***human*** agent or supervisor:

- "***As an agent***, with video call transcripts, ***you*** can retain and recall the details discussed during the call."  (*Id.*)

- "***As an agent, you*** can have an unalterable record of the call for future discussion with the same user."  (*Id.*)

- "***As a supervisor, you*** can analyze the video call performance of agents and use it to provide targeted training."  (*Id.*)

In each case, the agent or supervisor receiving the call transcript is a live person, ***not*** a bot.  Orion therefore fails to plausibly allege that any transcript is delivered "***to the bot member***."

The '636 patent itself also further supports this conclusion.  As illustrated in Figure 9, the alleged "AI bot" cannot be both what performs natural language processing (to generate a "modified message," highlighted in green below) ***and*** the bot node member 208 (in yellow) that receives the modified message from the group messaging service 104 (blue).



Ex. 4, at Fig. 9.  Orion's own allegations contradict the claim language, alleging that "the transcript is delivered to the ***agent***," and adding—confusingly and without factual support—that the transcript is delivered to the agent "in a format that the ***bot*** can use."  Dkt. 1-4, at D-7, D-18, D-

26. As Orion appears to concede, no "modified message" is sent "to the bot node member" in the Sprinklr system as the claims require.

In addition to these limitations, Orion wholly fails to address multiple other limitations. For example, claim 10 requires "a memory device" that "stor[es] instructions" in addition to "a processor," but Orion's claim chart never even uses the term "memory" outside of the language copied from claim 10, nor does it ever even suggest the existence of a physical memory device nor a processor. *See* Dkt. 1-4, at D-12–13; *see also St. Isidore Rsch., LLC v. Comerica Inc.*, No. 2:15-CV-1390-JRG-RSP, 2016 WL 4988246, at *20 (E.D. Tex. Sept. 19, 2016) (construing term "device" to "necessarily [be] a physical apparatus"). Claim 16 also requires "a processor" that Orion's Complaint never attempts to identify. *See* Dkt. 1-4, at D-20. Orion cannot plausibly allege direct infringement by failing to even mention multiple limitations of the '636 patent.

Accordingly, Orion's pleadings contradict any direct infringement of the '636 patent, and Count IV should be dismissed. *See, e.g., Bot M8*, 4 F.4th at 1354; *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *3 (W.D. Tex. Jan. 22, 2024) ("[Plaintiff]'s allegations refute its claims of infringement . . . [by] alleging a direct infringement theory that is incompatible with any plausible construction of the asserted claims.").

### 5.    *'733 Patent (Count V)*

Finally, Orion's Complaint fails to plausibly allege that the accused Sprinklr Service software "launch[es] the ***bot node member*** to deliver transcribed content messages to a destination service" or "deliver[s] a transcribed content message of the audio content message to the destination service ***via the bot node member***," as required by asserted '733 patent claims 1 and 15.

Orion alleges that Sprinklr's Interactive Voice Response ("IVR") component is the "bot node member" that "transcribe[s] voice input and deliver[s] the transcribed phrases to the Care Console ('destination service') for use by a live agent." Dkt. 1-5, at E-3. Orion further alleges

that the "Sprinklr Service receives the audio in a call, and the inbound voice IVR component delivers the transcribed audio content to the agent's Care Console." *Id.* at E-5. But Orion's own cited evidence confirms that "call transcript[s]" are instead "auto-generated *in* Care Console," *i.e.*, the alleged "destination service." *E.g.*, Ex. 21 (https://www.sprinklr.com/help/articles/additional-features/video-call-transcripts/63c2e919f7c92723b10e9832) (cited by Dkt. 1-5, at E-3, E-11 & n.8). Thus, Orion cannot plausibly allege that Sprinklr's *IVR* "transcribe[s] voice input and deliver[s] the transcribed phrases *to the Care Console* ('destination service')" because the transcription *originates in the Care Console*. None of the Orion's other quoted evidence provides support for its theory that the *IVR* transcribes or delivers a transcription to the Care Console.

And just as in each of the other Asserted Patents, Orion fails to even mention other limitations within the asserted claims. For example, claim 15 requires "a memory device" that "stor[es] instructions" in addition to "a processor," but Orion's claim chart never uses the term "memory" or "processor" outside of the language copied from claim 15, let alone plausibly allege the existence of a physical memory device or a processor. *See* Dkt. 1-5, at E-9–10; *see also St. Isidore Rsch.*, 2016 WL 4988246, at *20.

Accordingly, Orion's pleadings once again *contradict* any possible direct infringement of the '733 patent by Sprinklr. The Court should accordingly dismiss Count V. *See, e.g.*, *Bot M8*, 4 F.4th at 1354; *Contiguity*, 2024 WL 252068, at *3.

### B.    Orion Failed to Sufficiently Plead Any Claim for Indirect Infringement

Orion has failed to adequately plead any claim for indirect infringement of the Asserted Patents at least because Orion has failed to adequately allege any underlying direct patent infringement, failed to allege Sprinklr's pre-suit knowledge of any Asserted Patent, and failed to allege that the Accused Products have no substantial non-infringing uses.

1.     *Orion Failed to Adequately Plead Underlying Direct Infringement*

First, Orion's failure to adequately plead any underlying direct infringement of any Asserted Patent precludes indirect infringement.  *See, e.g.*, *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("Because liability for indirect infringement of a patent requires direct infringement, [the plaintiff]'s amended complaints must plausibly allege that the [patents were] directly infringed to survive [the defendant's] motion to dismiss.").  Should the Court find that Orion's direct infringement claims must be dismissed, so too must Orion's indirect infringement claims.  *See, e.g.*, *Contiguity*, 2024 WL 252068, at *4.

Beyond Orion's failure to adequately plead direct infringement, as discussed above, Orion's Complaint merely alleges in boilerplate fashion that Sprinklr "has taken active steps . . . with the specific intent to cause [others] to use the Accused Products in a manner that infringes one or more claims of the [asserted] patent[s]" and that "Defendant has contributed to the direct infringement of the [asserted] patent[s] by its personnel, contractors, distributors, and customers."  *E.g.*, Dkt. 1, ¶¶ 76–78.  But this Court has found such allegations insufficient to plead indirect infringement.  *See, e.g.*, Ex. 15 (*Amarillo*), at 5 (dismissing indirect infringement claim because "Plaintiff provides no factual allegations as to who or how Defendant allegedly induces others to infringe or contributes to others infringement").

2.     *Orion Failed to Adequately Plead Actual Knowledge*

Second, both theories of indirect infringement require the indirect infringer's knowledge of the Asserted Patents and knowledge alleged infringement.  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").  To state a claim of induced infringement, the patentee must allege plausible facts which establish that the defendant "actively and knowingly aid[ed] and abet[ted] another's direct infringement."  *C.R. Bard., Inc. v.*

*Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990); *accord Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 2022-2001, 2023 WL 5219773, at *5 (Fed. Cir. Aug. 15, 2023). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018). Therefore, "[t]o survive [a defendant's ] motion to dismiss, . . . [the complaint] must contain facts plausibly showing that [a defendant] specifically intended their customers to infringe [the patents] and knew that the customer's acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339. And similarly, to state a claim for contributory infringement, the patentee must sufficiently plead factual allegations that the defendant knew of both the asserted patent and the infringement thereof. *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at *3 (W.D. Tex. Aug. 22, 2022) (quoting *Commil*, 575 U.S. at 639). Orion's Complaint fails on both counts. For example, Orion has failed to plead any facts which establish that Sprinklr had any knowledge of any Asserted Patent before the filing of this lawsuit. Orion's only related statement, repeated *verbatim* in each count of infringement, is that "Defendant has . . . knowledge of the . . . patent and . . . that the induced acts constitute infringement. Defendant has been aware that the normal and customary use of the Accused Products by others would infringe the . . . patent." *E.g.*, Dkt. 1, at ¶ 32. These statements are bare assertions that amount to little more than a formulaic recitation of the elements of an induced infringement claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). The conclusory nature of Orion's allegations is insufficient to state a claim for indirect infringement under either theory. *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("Simply repeating the legal conclusion that Defendants induced infringement or contributorily infringed does not plead

'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'").

### 3.    *Orion Failed to Adequately Plead a Lack of Substantial Non-Infringing Uses*

Third, Orion's contributory infringement allegations are further deficient because Orion failed to plausibly allege a lack of substantial non-infringing uses for the Accused Product.  To state a claim for contributory infringement, a plaintiff must plead facts showing that the accused components have no substantial non-infringing uses.  *E.g.*, *Bill of Lading*, 681 F.3d at 1337; *Inhale, Inc v. Gravitron, LLC*, No. 1:18-CV-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018).  But Orion also fails to do this.  In its Complaint, Orion again repeats only the same *verbatim* allegations for each asserted patent: "The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the . . . patent . . . .  The special features constitute a material part of the invention of one or more of the claims of the . . . patent and are not staple articles of commerce suitable for substantial non-infringing use."  *E.g.*, Dkt. 1, at ¶ 33.  Once again, this is a mere recitation of the elements of contributory infringement, and such conclusory statements cannot form the basis of a plausible claim.  *See, e.g.*, *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 782 (W.D. Tex. 2022) ("[Plaintiff] has made no attempt to focus its contributory infringement allegations on any specific components or functions in the [accused products]. . . .  The Court, therefore, disregards [Plaintiff]'s allegation regarding substantial noninfringing uses as conclusory."); *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018); *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (plaintiff's failure to plead "facts [that] suggest that [Defendant] knew of the [Plaintiff's] patents or that the

aluminum [Defendant] supplied could not be used 'for purposes *other than* infringement'" required dismissal of contributory infringement claim (emphasis in original)).

For at least three independent reasons, the Court should dismiss indirect infringement.

### C.    Orion Failed to Adequately Plead Willful Infringement

A claim for willful infringement cannot stand when there is no viable claim for direct infringement.  Ex. 14 (*Fiserv*), at 3 ("[T]here can be no willful infringement without a plausible claim for infringement to begin with."); Ex. 16 (*Cullen/Frost Bankers*), at 5 (same).  For this reason alone, the Court should dismiss the willfulness claims.

But even assuming Orion had sufficiently pleaded direct infringement, Orion nevertheless failed to allege any facts that would create a plausible claim for willful infringement.  To plead willful infringement, a plaintiff must plausibly allege facts showing that (1) the accused infringer knew of the patent-in-suit, that (2) after acquiring that knowledge, it infringed the patent, and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent. *Textile Comput. Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 566 (W.D. Tex. 2022); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).  Orion's Complaint fails to show any of these three elements, and its willful infringement claim should thus be dismissed.

### 1.    *Orion Failed to Plausibly Plead Knowledge of Any Asserted Patent*

First, as discussed regarding Orion's indirect infringement claims, it has failed to plead any facts showing Sprinklr's actual knowledge of any Asserted Patent.  Instead, Orion alleges that, "on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Orion Labs' patent rights."  *E.g.*, Dkt. 1, at ¶ 35.  "[W]illful blindness requires that '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.'"  *Atlas Glob. Techs., LLC v.*

*Sercomm Corp.*, 638 F. Supp. 3d 721, 728 (W.D. Tex. 2022) (quoting *Global-Tech*, 563 U.S. at 769). This Court has previously held that "[a] plaintiff who relies on willful blindness to plead knowledge must ***identify*** in its complaint ***affirmative actions*** taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021). But Orion's conclusory allegations fail to do so. *See, e.g., GreatGigz Sols. LLC v. Freelancer Ltd.*, No. 6:20-CV-00738-ADA, 2022 WL 22860429, at *7 (W.D. Tex. July 1, 2022) (finding allegations regarding similar policy "qualified by 'on information and belief,' and lack[ing] any other facts to support the purported policy" were insufficient to plead willful infringement). Even taking the pleaded facts as true at the 12(b)(6) stage, Orion does not provide any facts that link a policy against reviewing the patents of others to a subjective belief of a high probability of infringement. Without a factual context that raises a suggestion of a subjective knowledge of a high likelihood of infringement, this allegation is insufficient to raise an inference of willful blindness, despite conclusory statements to the contrary. *See, e.g., GreatGigz*, 2022 WL 22860429, at *7 ("Having a general policy with respect to thousands of patents in a field of technology does not plausibly establish or imply that [Defendant] subjectively believed there was a high probability that its acts constituted infringement of two specific patents." (cleaned up)).

### 2. *Orion Failed to Plausibly Plead Direct Infringement*

Direct infringement is a prerequisite for finding willful infringement. *See* 35 U.S.C. § 284. Because Orion failed to plausibly allege Sprinklr's direct infringement of any Asserted Patent, as discussed above, this element of Orion's willful infringement claim must also fail. *See, e.g., CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 WL 5417141, at *10 (W.D. Tex. Aug. 22, 2023) ("Plaintiff's claims for [willful infringement] must otherwise be dismissed because Plaintiff's claims against Defendant for direct infringement have been dismissed").

3.    *Orion Failed to Plausibly Plead Sprinklr's Knowledge of Alleged Infringement of Any Asserted Patent*

In addition to the requirement to plead a defendant's actual knowledge of each Asserted Patent, plaintiffs must further plead that the defendant "had a specific intent to infringe at the time of the challenged conduct," *see Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021), meaning that the defendant necessarily knew its actions constituted infringement.  But the Complaint's only allegation related to knowledge is that Sprinklr had knowledge of the Asserted Patents at least as of the date that this action was filed.  *See* Dkt. 1, ¶ 34.  Orion has not provided any facts from which it can be inferred that Sprinklr knew or should have known that its conduct ***would infringe*** the Asserted Patents, and thus, this allegation is insufficient to create a plausible claim for willful infringement.  *See, e.g.*, *Textile*, 620 F. Supp. 3d at 566 ("[The] standard requires a plaintiff to allege facts plausibly showing that the infringer . . . knew, or should have known, that its conduct amounted to infringement of the patent.").

With a total absence of facts in the Complaint to suggest that Sprinklr had pre-suit knowledge of the Asserted Patents, the other elements of willful infringement must also fail.  The Court should dismiss Orion's claims of willful infringement.

## V.    CONCLUSION

For the foregoing reasons, Sprinklr respectfully requests that the Court dismiss Orion's Complaint.

DATED: May 30, 2025                    Respectfully submitted,


                                       /s/ Jeanne M. Heffernan
                                       Jeanne M. Heffernan, P.C.
                                       TBN 24128395
                                       KIRKLAND & ELLIS LLP
                                       401 Congress Avenue
                                       Austin, TX 78701
                                       (512) 678-9100
                                       jheffernan@kirkland.com

                                       Christopher Buxton
                                       TBN 24116154
                                       KIRKLAND & ELLIS LLP
                                       4550 Travis Street
                                       Dallas, Texas 75205
                                       (214) 972-1770
                                       christopher.buxton@kirkland.com

                                       Joseph A. Loy, P.C.
                                       KIRKLAND & ELLIS LLP
                                       601 Lexington Avenue
                                       New York, NY 10022
                                       (212) 446-4980
                                       joseph.loy@kirkland.com

                                       **Attorneys for Defendant Sprinklr, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on May 30, 2025 with a copy of this document via the Court's CM/ECF system.

*/s/ Jeanne. M. Heffernan*
Jeanne M. Heffernan
